May it please the court, my name is Daniel Kaplan, I represent the appellant Jose Rodriguez-Luna. Was Mr. Rodriguez-Luna an alien smuggler or was he simply one among several illegal aliens attempting to be smuggled into the United States? That was the central dispute that appears in the pre-sentence report and the central dispute at the sentencing of Mr. Rodriguez-Luna. It was almost entirely the basis for the probation officer's recommendation, the conclusion that Mr. Rodriguez-Luna was a smuggler, not just an alien attempting to be smuggled, that underlay the probation officer's recommendation that Mr. Rodriguez-Luna receive the Guidelines Maximum Sentence of 21 months for the offense to which he pleaded guilty, which was simply reentry after deportation. In turn, the government requested that that exact same sentence made on that same basis be imposed by the judge, the 21-month Guidelines Maximum Sentence. At the sentencing hearing, as in his sentencing memorandum, Mr. Rodriguez-Luna's counsel made it very clear that that was a fiercely disputed issue. Mr. Rodriguez-Luna did not admit or at all concede that he was an alien smuggler. He said that he was simply one of the people sitting in the back of that vehicle attempting to be smuggled. As the Court is aware, there were two people who the government says made statements implicating Mr. Rodriguez-Luna as the smuggler. The government, after the depositions of those individuals had been set, deported those two individuals, but then went on to claim that their statements implicated Mr. Rodriguez-Luna as the smuggler and went on to request that Guidelines Maximum Sentence. At the sentencing ---- I wanted to ask you, if there had been a Rule 32 violation, then I think for sure the case would need to be remanded. But why wouldn't the following statement by the Court be sufficient? The Court seemed to acknowledge that there was this factual dispute, and defense counsel is talking about, you know, the government saying that you can prove that this person was involved in alien smuggling. So if that's something the Court's going to consider and then the Court says, no, that's the government's opinion, I make no reference to that at all. And then defense counsel says, and if it's not going to factor into the case, then I can leave that issue alone. And then the Court goes on to say, exactly, I'm going to look at criminal history, matters that have been filed about circumstances in his family, the number of times he's been deported, the times he's been backed, the fact that there's a detainer. Those are all the things that I'm considering. So what is it about that exchange that is in any way ambiguous or unclear that this Your Honor, I would direct your attention to the top of that same page, page 20 of the excerpts of record. Actually, to the bottom of the preceding page, page 19. Mr. Rodriguez-Luna's trial counsel has just gone through an exchange with the Court. Just a minute, just a minute, let me get it. Page 19? Okay, yes. Start at the bottom of page 19 of the excerpts of record. Go ahead. Mr. Rodriguez-Luna's counsel has just gone through an exchange with the Court in which Mr. Rodriguez-Luna's counsel has stressed that the Court should not consider the smuggling allegation. At the bottom of page 19, he says, Your Honor, I believe that we have said enough on the alien smuggling issue because I think we are on the same page. Turn to the next page, page 20, the Court's response, I'm not on the same page with you there, but go ahead. Now, there's a very clear statement that the Court is not agreeing to disregard the smuggling allegation. The Court Oh, then I'm going to have to pass that. Well, I read it. If you want to read it again, and then he says, No, I'm responding to the government. And then she says that's the government. The Court says that's the government's opinion. I make no reference. So you have to read it in context. Well, again, I agree with that. I agree with that wholeheartedly. The context is there are statements in his transcripts like, I'm not on the same page as you that seem to be indicating I refuse to forswear reliance upon the smuggling allegation, and there are references to that that appear to be saying I, perhaps I'm not going to consider that if you construe no reference as not consider. Even if he's saying I will not consider that being the government's opinion, he's not saying there I am not going to consider the probation officer's recommendation. The probation officer's recommendation in the pre-sentence report, of course, is based almost entirely on the smuggling allegation by those alleged witnesses. So at best, when it's viewed in context, which I agree should be done, you have conflicting statements. What you have in the end is simply ambiguity and an inability to meet the very clear and very strict standards that this Court's opinion set forth. The statement on a Rule 32 controverted matters must be expressed. It must be explicit. It must be clear. It must allow this Court to make a clear, firm conclusion that the defendant is going to believe the smuggling allegation, he is not going to believe the smuggling allegation, or he will not consider the smuggling allegation in his sentencing decision. But it made no reference to that at all, the Court says. True. And then the defense counsel says, okay, I can leave that alone if it's not going to factor in. The defense counsel's response indicates in standing there in that courtroom, he wasn't sure. He said if the Court is not going to consider that I can leave that alone, the Court has made things that include matters that have been filed with the Court. The Court, of course, has received a probation officer's report talking about the smuggling allegation. Another matter filed with the Court is the government's response to the defendant's sentencing memorandum, where the government very strongly and forcefully claims that its witnesses did implicate Mr. Rodriguez Luna in smuggling. And it talks about his circumstances. Well, did his circumstances include the smuggling allegations? Obviously, that's the very central aspect of the circumstances in the mind of the probation officer. So I certainly agree that if you were to pinpoint and look at particular sentences in this transcript in vacuo, you might say, well, it seems pretty clear. But I certainly agree with the Court as well that that should not be how you approach this. You have other statements that if you looked at them in vacuo, if you looked at the top of page 20, all by itself, I'm not on the same page with you. You have a clear statement where the Court seems to be saying, I am not going to refuse to rely on the smuggling allegation. So in the end, I think what you see here, looking at this transcript as a whole, is not only conflicting statements that in the end give, do not give this Court as firm a purchase on this question of Rule 32 compliance as its case law requires. You also see Mr. Rodriguez Luna's counsel repeatedly attempting to secure a clear statement from the Court. I counted four times where the defense lawyer attempted to get a clear statement from the Court, and each time he failed to do so. Twice on page 18, in the bottom half of page 18, the defense lawyer said, I understand the Court is not considering it, and the Court responds by talking about the language of the defense lawyer's sentencing memorandum. He says again, I want to make sure the Court will consider that. The Court responds again by talking about the language in the sentencing memorandum. On page 20, the exchange that we just talked about, Judge McEwen, he talks about if the Court is going to consider that, the Court's response is, I make no reference to that. Again, does he mean the pre-sentence report as well as what the government filed? Does he mean no reference means not to consider or not something he's talking about at that point? And then he goes on and says, if you're not going to consider that, I can leave it alone. The Court never says a clear, simple statement to the effect of, I am not going to consider that smuggling allegation in sentencing. It's not difficult to make a clear statement like that. It's all that this case law requires, this Court's case law requires. It's all that Rule 32 requires. Do you want to reserve the remaining time? No, it's time for rebuttal. Thank you. Good morning, Honors. Good morning. I please the Court. My name is Raymond Wu, and I represent the United States in this matter. Your Honor, the defendant's allegations that there is a Rule 32 violation in this case simply is not supported by the record. As this Court noted on page 20 of the expert record, the defendant specifically engaged the Court on the issue, the alleged issue that the government was advocating a 21-month term of imprisonment based on his dismissed alien smuggling charge, and the Court stated very clearly that it was going to make no and then proceeded to explain what circumstances it was going to consider. I'd like to refer to that. Well, you know, he could have been clearer. I mean, you know, Judge Carroll has done hundreds of these. He knows how to be clear. And it puzzles me why he didn't say, I'm not going to consider these matters. He refused, if you read this transcript, he refused to say that, didn't he? Your Honor, I would disagree with you, too. And you have to help, but, you know, you have to wonder why a judge of his experience would do that. I would submit to the Court that if you were to read this transcript in piecemeal, that could be an interpretation. But if you were to read to it … But you read it all together. As your opponent said, Mr. Caput, you know, three or four times the defense counsel tried to get him to commit categorically that he's going to disregard it, and Judge Carroll wouldn't do it. Well, what the defense counsel also fails to point out is that the defendant also acknowledged several times that the Court was not going to consider it. I refer to the Court to page 30 of the expert record on line 3, where the defendant again acknowledges that the alien smuggling charge was not on the table again. I also refer to the Court to page 17 of the record, where the defendant again on page … excuse me, on line 18 … starting on line 18, where the defendant again attempted to engage the Court on this issue about how the government and the probation office were making a recommendation to the high end based on these dismissed charges. And the Court, again, clearly stated that it wasn't getting that sense out of what they were doing. And the reason the Court made that statement, if you were to take a look at the government's actual recommendation in section 137 of the expert record, that memorandum was broken into two parts. Section 1 had some discussion about the alien smuggling charge. Section 2 dealt with the government's recommendation. To the extent that the government did include any facts relating to the underlying charge, it was merely to refute the defendant's allegations that the government was engaged in some type of misconduct in handling the alien … in handling its material witnesses. But if the Court were to take a look at the government's actual recommendation in subsection 2, the government was very clear that it was recommending a 21-month term of imprisonment based on its … on its prior criminal history. That's also reflected in the record during oral argument. And I refer to the Court to page 28. I have somewhat of a problem raised by Judge Tashima as I look at this. It seems to me that this Court said it was considering … that it would consider everything submitted at one point, and stuff submitted includes the probation report with the smuggling charges in it. Later, he does make some statements that make it sound like, well, the defendant had taken that position, maybe that's the government's position, but he makes statements on the other side, or at least he refuses to make a clear statement. He never makes a clear declaration, I am not considering that. And that makes me wonder if there's any significance and validity about what he considered, whether we have to … you may wonder if I may, if I would respond to you by stating this Court has stated in United States v. Ingham that although the declaration has to be expressed and explicit, it doesn't have to be detailed or lengthy, this Court stated on two occasions what it was going  prior criminal history, the circumstances about his family, I think he was specifically referring to the letters that were filed to the Court, the number of times he was deported as well as the detainer that was filed against him in California, that was on page 20. On page 17 when the … Did he also at one point say he was going to consider all the papers submitted? He did, Your Honor. Yes, you are correct. And all the papers submitted, wouldn't that include the recommendation based on the sentence? If I may add a point to that, Your Honor, back to the government sentencing memorandum, we made a recommendation of 21 months based on his prior criminal history, which is specifically stated on page 37 of the excerpt of record that was provided by the defense. For the defendant in this case, there were no factual objections. At the time of sentencing, the Court also engaged the defendant about that issue, and again, there were no objections. I would submit to the Court that what the defendant was really challenging was inferences based on the facts of the case. There was never a conclusion by the government that the defendant was an alien smuggler. And we would submit to you that the Court, based on the defendant's prior criminal history, found that a 21-month sentence was appropriate and was reasonable. If you can recall, the defendant was previously convicted of two illegal entry convictions, a prior felony, and was deported from the United States on seven or eight occasions. One of those occasions was approximately five weeks prior to being apprehended in this case. Certainly a 21-month term based on those facts is not unreasonable. But even if this Court found that there was a Rule 32 violation that the government submits to, there was no error in this case, because the alleged factual dispute was never related to any specific sentencing enhancement. As this Court stated in its decision in Seytaran, the Ninth Circuit has only exercised review for Rule 32 violations in cases where the factual dispute was only related to a specific sentencing enhancement and cited the cases of Leyva-Franco, Herrera-Rojas, Standard, Houston, and Carter, in which, in every single one of those cases, the disputed fact did relate to some charge. Well, that – I don't think that – go ahead, Judge Gould. Well, I just want to point out, in the government's position, it's – that there's a factual dispute that doesn't change the guideline range, but that could influence whether the judge thinks of a spot in that range that that's not covered by Rule 32. That is correct. I believe the older version of Rule 32, the more broader version, did in fact cover that. I believe there was a case, United States v. Rigby, which dealt with some factual disputes that affected the guideline range, and I think at that time a review would have been appropriate. But since the rule has been amended, this Court has only exercised meaningful review when it's been related to a specific sentencing enhancement. Certainly after the – Well, you know, the problem with that argument is that those are the cases that came up. I mean, now we have a different case. And if you look at the clear language of the rule, it says for any disputed portion of the pre-sentence report or other controverted matter, it doesn't cabinet in any way. So it seems to me that if we just look at the rule, that this case falls within the rule, and then our challenge is to figure out if it was violated. So let me just ask you that. If there is a question, if we have this ambiguity and it could be read your way, which I think is a legitimate way, on the other hand, it could be read the way the defense reads it, what's the harm since these are prophylactic rules of having the district judge just send it back and say, yes, up or down, yes or no? I don't believe there would be any harm in doing that. So I guess, you know, people don't usually settle criminal cases, but it sure does seem like a case like this could have avoided a delayed trip to the court of appeals if something like that might have been talked about among or between counsel. And it just seems to me that, you know, the purpose of the rule is to make sure that we don't have any ambiguity. So now we're up here deciding if we have ambiguity or not. And it's kind of thing that could be easily settled in the trial court is my only point. My time is five seconds. What I would suggest to the court is that in looking at the record, government never suggested that a 21-1 term should be imposed based on this alien smuggling charge. I believe that this is an argument that's been created for this appeal alone. So I would submit to you that based on the record, the court should affirm the district court's ruling. Thank you very much. Thank you. I'd like to quickly touch on a few points. The government lawyer referred to defense counsel acknowledging that the court was not going to consider these things. The defense counsel did make a couple of statements to that effect. That qualifies in my mind as wishful thinking. The fact of the matter is it's the court that must make that declaration. What the defense counsel says is no indication that the court has complied with Rule 32. The government states that it never urged the court to rely on the smuggling allegation to impose the guidelines maximum. In fact, the government's response to the sentencing memorandum went on at great length about how the defendant was guilty of alien smuggling and then said, we urge you to impose a 21-month maximum sentence recommended, which was recommended on the basis of the smuggling allegations. Perhaps the government's internal intention was not to make that linkage, but the memo clearly conveyed that suggested linkage. And at the sentencing hearing, the prosecutor who appeared there told the court essentially the defendant has gotten lucky over and over again. He's gotten break after break. And one of his breaks was when these two guys got deported by accident and essentially said he shouldn't get lucky again. His luck has run out. That to me again qualifies as an effective suggestion to use the smuggling allegation as a basis for the sentence. There's the argument made that Rule 32 only applies to sentencing enhancements. Rule 32 preexisted. This portion of Rule 32 was some slight modifications, but essentially the same preexisted the sentencing guidelines. It has never been tied to or limited to guidelines issues. Thank you.
judges: Tashima, McKeown, Gould